UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARIA A.N.,[1]

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY CORRECTIONS CENTER, et al.,

Respondents.

No. 1:26-cv-03957-TLN-CKD

(A# 221-041-577)

**ORDER**

This matter is before the Court on Petitioner Maria A.N.'s ("Petitioner") Petition for Writ of Habeas Corpus and Supplemental Amended Petition (collectively "the Petition"). (ECF Nos. 1, 13.) Respondents filed an opposition. (ECF No. 22.) Petitioner replied. (ECF No. 25.) For the reasons set forth below, the Petition is GRANTED and Respondents are enjoined from continuing to detain Petitioner without a bond hearing.

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL BACKGROUND[2]

This matter arises out of Petitioner's challenge to her prolonged civil immigration detention — now exceeding 18 months — without a hearing. (ECF No. 1 at 1.) Petitioner came to the United States to seek asylum on January 9, 2025. (*Id.* at 1–2; ECF No. 13 at 5.) Immigration authorities detained Petitioner and initiated expedited removal proceedings against her. (ECF No. 1 at 2; ECF No. 22 at 2, 16.) Shortly after, an asylum officer determined Petitioner had a credible fear of persecution or torture in her home country. (ECF No. 1 at 2; ECF No. 22 at 19.) In February 2025, Petitioner was issued a Notice to Appear and placed into standard removal proceedings. (ECF No. 1 at 2; ECF No. 22 at 2, 19.) On September 15, 2025, an immigration judge issued an order of removal for Petitioner. (ECF No. 22 at 2, 24–27.) On October 12, 2025, Petitioner timely filed an appeal with the Board of Immigration Appeals, which is currently pending. (*Id.* at 2, 29–31.) As of May 26, 2026, the BIA had not set a briefing schedule. (*Id.* at 34.)

Petitioner has remained in civil immigration detention continuously for over 18 months. (ECF No. 1 at 2.) In that time, Respondents have never provided Petitioner with a bond hearing or any custody determination hearing. (*Id.* at 2, 4.) Petitioner alleges her civil immigration detention without a hearing is unconstitutional. (ECF No. 13.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

---

[2] The facts in this case are not disputed.

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims her prolonged detention without a hearing violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 2–3; ECF No. 13 at 16.) Respondents contend Petitioner is subject to continued mandatory detention under 8 U.S.C. § 1225(b)(1) without a bond hearing. (*See generally* ECF No. 22.) While Respondents concede, "[o]f course, a noncitizen 'could be' entitled to an individualized determination as to flight risk and dangerousness 'if the continued detention became unreasonable or unjustified[,]'" they argue Petitioner's 18-month detention is not indefinite because removal proceedings have a termination point. (ECF No. 22 at 5 (quoting *Demore v. Kim*, 538 U.S. 510, 532 (2003)).) Respondents make no argument and offer no evidence that Petitioner has criminal history, is a danger to the community, or poses a flight risk. (*See id.*)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas,* 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

Courts in this Circuit routinely find unreasonably prolonged detention under 8 U.S.C. § 1225(b)(1), absent procedural safeguards, is a due process violation warranting a bond hearing. *See Nguyen v. Warden Cal. City Det. Facility*, No. 1:26-CV-01625-JLT-EGC, 2026 WL 1972478, at *2 (E.D. Cal. July 8, 2026) (finding 15-month detention unreasonably prolonged and collecting cases); *Zinaida v. Lyons*, No. 26-cv-02866, 2026 WL 1584699, at *4 (D. Ariz. June 3, 2026) (finding detention over 18 months unreasonably prolonged); *Abubakar Abdul-Samed v. Warden of the Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB-HC, 2025 WL

2099343, at *6 (E.D. Cal. July 25, 2025) ("essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (quoting *Martinez v. Clark*, No. 18-cv-1669, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted* 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019) (finding 17 months unreasonably prolonged and setting out an alternate test for reasonableness of detention); *cf. Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("[W]e have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").

The Court hereby adopts and incorporates the reasoning set out in one such case, *Ohanyan v. Warden of California City Det.*, No. 1:25-cv-01661-TLN-SCR, 2026 WL 183743, at *6–8 (E.D. Cal. Jan. 23, 2026), *report and recommendation adopted* 2026 WL 295550 (E.D. Cal. Feb. 4, 2026) (applying the analytical framework of *Mathews v. Eldridge*, 424 U.S. 319 (1976) and finding petitioner's prolonged detention without a bond hearing under § 1225(b)(1) unconstitutional). The Court finds Petitioner has a protected liberty interest in avoiding prolonged detention that has not been justified. Petitioner's detention of 18 months without a bond hearing has become unreasonably prolonged. There is no clear end date to her detention as BIA appeals take many months to years, and no briefing schedule is set in Petitioner's case. *See Banda*, 385 F. Supp. 3d at 1119 (noting the appeal process for an immigration judge's removal order "may take up to two years or longer."). The risk of erroneous deprivation and the probative value of additional procedural safeguards are high where Petitioner has been provided none. The government has no legitimate interest in continuing to detain Petitioner in civil detention without any procedural safeguards. Finally, the burden on the government to provide such a routine process is nil.

Petitioner urges the Court to analyze the reasonableness of her detention by applying the *Banda* factors. (ECF No. 25 at 4–6 (citing 385 F. Supp. 3d at 1106 (assessing the reasonableness

of detention by: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings cause by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.")).) Under *Banda*, Petitioner similarly prevails: (1) Petitioner's total detention exceeds 18 months, (2) there is no clear end to her detention pending appeals, (3) the abhorrent conditions in California City Detention Center are currently being litigated (*Ruiz v. ICE*, No. 3:25-cv-09757-MMC (N.D. Cal.)), (4 and 5) the record does not reflect that either Petitioner or the government has caused unreasonable delays in the immigration proceedings, and (6) the Court does not have enough facts to assess the likelihood of a final order of removal. In sum, the first three factors weigh in Petitioner's favor and the last three factors are neutral. Therefore, on balance, the *Banda* factors also support the Court's finding that Petitioner's prolonged detention has become unreasonable and she is entitled to relief.

Accordingly, Respondents' 18-month detention of Petitioner without any procedural safeguards violates the Fifth Amendment Due Process Clause. "It is important to bear in mind the context: The detention that is being examined here is the detention of a human being who has never been found to pose a danger to the community or to be likely to flee if released." *Banda*, 385 F. Supp. 3d at 1118 (citing *Jamal v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)). Here, there is no evidence or argument in the record that Petitioner is a danger or flight risk. (*See* ECF No. 22.) Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. The government must now justify her continued civil detention.

//

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Petitioner's Motion to Proceed in Forma Pauperis (ECF No. 24) is GRANTED.

2. The Amended Petititon for Writ of Habeas Corpus (ECF No. 13) is GRANTED.[3]

3. Respondents are ENJOINED and RESTRAINED from continuing to detain Petitioner for more than **seven (7) days** from the date of this Order (unless Petitioner seeks additional time to prepare) without a bond hearing before a neutral fact-finder at which Respondents bear the burden to justify Petitioner's detention by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. The factfinder must consider alternative conditions of release and Petitioner's financial circumstances in setting bond. At any such hearing, Petitioner shall be allowed to have counsel present. If the government fails to meet its burden, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the neutral factfinder at the hearing.

4. Within **two (2) court days** from the date of the bond hearing, Respondents must file a **notice of compliance** with this Court's Order and identify Petitioner's custody status and the outcome of any hearing.

5. If Petitioner is released, Respondents are further ENJOINED from re-detaining Petitioner absent material changed circumstances and compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondents show by clear and convincing evidence (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

---

[3] Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 13 at 17.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

6. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: July 16, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE